JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Richard Verrecchio, 5392 Loux Drive, Doylestown, PA 18902 | City of Philadelphia, Sheriff's Office, C/O Law Dept. 1515 Arch Street, Philadelphia, PA 19102 |

**(b)** County of Residence of First Listed Plaintiff   **Bucks**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Law Offices of Willam J. Fox, P.C. (215) 546-2477
100 N. 20th Street, Ste. 303, Phila., PA 19103

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government
  Plaintiff
- [X] 3   Federal Question
  *(U.S. Government Not a Party)*
- [ ] 2   U.S. Government
  Defendant
- [ ] 4   Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans | Liability | [ ] 368 Asbestos Personal Injury Product | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 340 Marine [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | [ ] 380 Other Personal Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - Medical Malpractice | Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) [ ] 864 SSID Title XVI | Exchange [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [X] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of Agency Decision |
| | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application [ ] 465 Other Immigration | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1   Original Proceeding
- [ ] 2   Removed from State Court
- [ ] 3   Remanded from Appellate Court
- [ ] 4   Reinstated or Reopened
- [ ] 5   Transferred from Another District *(specify)*
- [ ] 6   Multidistrict Litigation - Transfer
- [ ] 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of 1964 Civil Rights Act; ADEA

Brief description of cause:
Discrimination/Retaliation in workplace

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
5-28-2025

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 5392 Loux Drive, Doylestown, PA  18902 _____

Address of Defendant: _____ 1515 Arch Street, Philadelphia, PA  19102 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year      Yes ☐      No ☑
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes ☐      No ☑
    pending or within one year previously terminated action in this court?

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier      Yes ☐      No ☑
    numbered case pending or within one year previously terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes ☐      No ☑
    case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☑ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/28/2025 _____    _____Must sign here_____    69898

_____Attorney-at-Law / Pro Se Plaintiff_____    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Patent
☐  6.   Labor-Management Relations
☑  7.   Civil Rights
☐  8.   Habeas Corpus
☐  9.   Securities Act(s) Cases
☐  10.  Social Security Review Cases
☐  11.  All other Federal Question Cases
         *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify):* _____
☐  7.   Products Liability
☐  8.   Products Liability – Asbestos
☐  9.   All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ William J. Fox _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: 05/28/2025 _____    _____Sign here if applicable_____    69898

_____Attorney-at-Law / Pro Se Plaintiff_____    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Richard Verrecchio | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| City of Philadelphia, Sheriff's Office, | : | NO. |
| C/O City Law Department | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
　　and Human Services denying plaintiff Social Security Benefits.　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
　　exposure to asbestos.　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
　　commonly referred to as complex and that need special or intense management by
　　the court. (See reverse side of this form for a detailed explanation of special
　　management cases.)　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　( X )

| | | |
|---|---|---|
| <u>5-28-2025</u> | <u>William J. Fox</u> | <u>Plaintiff, Richard Verrecchio</u> |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| <u>(215) 546-2477</u> | _____ | <u>wjf@billfoxlaw.com</u> |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **RICHARD VERRECCHIO** | : |
| **5392 Loux Drive** | |
| **Doylestown, PA 18902** | : |
| | |
| **Plaintiff** | : |
| | |
| **v.** | : |
| | |
| **CITY OF PHILADELPHIA** | : |
| **SHERIFF'S OFFICE** | |
| **C/O CITY LAW DEPARTMENT** | : |
| **1515 Arch Street** | |
| **Philadelphia, PA 19102** | : |
| | |
| **Defendant** | : |

**COMPLAINT**

1. This Court has jurisdiction over this matter under Title VII of the 1964 Civil Rights Act, et seq.; and, the Age Discrimination in Employment Act  giving rise to Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and Civil Rights Jurisdiction pursuant to 28 U.S.C. § 1347.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims made herein pursuant to 28 U.S.C. § 1367, as the claim is so related to claims in the action within such original jurisdiction of this Court that they form part of the same case or controversy.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the parties reside in this district, regularly conduct business in this district and the incidents in controversy occurred in this district.

1

## PARTIES

4.  Plaintiff, Richard Verrecchio, is 58 years of age, his race is Caucasian, his color is White and his religion is Catholic/Christian.   Plaintiff resides at the above-captioned address.

5.  Defendant, City of Philadelphia Sheriff's Office, maintains offices at 100 S. Broad Street, Philadelphia, PA 19110.

## FACTS

6.  Plaintiff has been employed by Defendant since 1996 and presently holds the rank of Captain.

7.  In 2019, Rochelle Bilal was elected as Sheriff and is presently the Sheriff of Philadelphia.  Sheriff Bilal's religion is Muslim, her race is African-American and her color is Black.

8.  On February 23, 2020, Plaintiff was promoted from the position of Chief Inspector to the position of Deputy Chief.

9.  After being promoted to Deputy Chief, Sheriff Bilal notified Plaintiff that he would receive a substantial increase in pay.

10.  At all times relevant, Plaintiff performed his job duties at or above expectations.

11.  Since August of 2020, Plaintiff has been subjected to discrimination and harassment based upon his age, color and race. The incidents of discrimination and harassment include, but are not limited to, the following:

a.  Transferring Plaintiff  from a position that he had successfully handled for many years, which included the responsibility of supervising many employees,  to a different

2

position with less responsibilities and no supervision of any employees;

   b. Ridiculing Plaintiff in front of his peers and subordinates on multiple occasions;

   c. Alienating Plaintiff from meetings that his peers attended and from key decision making matters;

   d. Sheriff Bilal sought to remove Plaintiff's civil service status for the purposes of making Plaintiff an at will employee which would have caused him to lose union protection;

   e. Sheriff Bilal demoted Plaintiff from his position as Deputy Chief of Court Operations and replaced him with an African American and Black employee;

   f. Failing to increase Plaintiff's salary after promoting him from Captain to Deputy Chief;

   g. Falsely accused Plaintiff of violating policies regarding Covid during the Pandemic;

   h. Denying Plaintiff requests to undergo training;

   i. Chastising Plaintiff for taking bereavement leave and falsely accusing him of trying to take more bereavement time then Plaintiff was allowed; and,

   j. Falsely accusing Plaintiff of wrong doing and subjecting him to an internal affairs investigation when he had not done anything wrong.

  12. Throughout the time that Plaintiff held the position of Deputy Chief, Sheriff Bilal denied him the opportunity to earn overtime but allowed other African-American peers to earn overtime.

  13. On August 7, 2023, for no legitimate reason and no articulated reason, Sheriff Bilal

3

demoted Plaintiff from the position as Deputy Chief to the rank of Captain.

14. During the time that Plaintiff was a Deputy Chief, Sheriff Bilal provide preferential treatment to Plaintiff's peers who are one or more of the following: African-American, Black and/or substantially younger than Plaintiff with regard to the terms and conditions of his employment.

15. Plaintiff engaged in protected activities in 2019, when he filed a charge of discrimination with the EEOC and again in 2020 when he filed a Complaint against Defendant in Federal Court.

16. Respondent's aforesaid actions violate Title VII of the 1964 Civil Rights Act, the ADEA and PHRA.

17. Defendant's aforesaid actions constitute race, color and age discrimination and retaliation.

18. Defendant's aforesaid actions violate Title VII, the ADEA and PHRA.

19. Any reasons that Defendant alleges for the aforesaid adverse actions, which include demotion, are false and a pretext.

20. The real reasons that Plaintiff suffered adverse action with regard to the terms and conditions of his employment was because of her age, religion and the fact that he engaged in multiple incidents of protected activity.

21. Defendant's aforesaid discrimination, harassment and retaliation against Plaintiff was based on Plaintiff's age, color, race and religion in violation of Title VII of the 1964 Civil Rights Act, et seq., ADEA and the PHRA.

4

22. Defendant's adverse actions against Plaintiff regarding the terms and conditions of his employment constitutes retaliation in violation of Title VII, ADEA and PHRA.

### Count I - Title VII

23. Plaintiff incorporates by reference paragraphs 1 through 22 of this Complaint as though same were fully set forth at length herein.

24. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

25. Defendant has discriminated against Plaintiff because of his race, color and religion in violation of 42 U.S.C. § 2000e *et seq.*

26. Defendant's aforesaid adverse actions against Plaintiff regarding the terms and conditions of his employment, violated Title VII because it was based on Plaintiff's race, color and religion.

27. Defendant's aforesaid adverse actions against Plaintiff regarding the terms and conditions of his employment was retaliatory because Plaintiff had previously engaged in multiple incidents of protected conduct against Defendant.

28. Any non-discriminatory and/or non-retaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

29. Defendant's aforesaid discriminatory and retaliatory actions against Plaintiff constitute race, color and religious discrimination and retaliation in violation of 42 U.S.C. § 2000e *et seq.*

5

30. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and benefits, humiliation, mental anguish, emotional distress, associated stress, pain and suffering and other injuries.

31. Plaintiff seek all damages allowable under Title VII, including back pay, front pay, compensatory damages, punitive damages, counsel fees and costs of suit.

### Count II - ADEA

32. Plaintiff hereby incorporates by reference paragraphs 1 through 31 of this Complaint as though same were fully set forth at length herein.

33. At all times relevant, Plaintiff was well qualified for his position, including the positions that he applied for.

34. Plaintiff has exhausted his administrative remedies and received a right to sue letter from the EEOC.

35. Defendant has discriminated against Plaintiff because of his age in violation of the ADEA.

36. Defendant's aforesaid adverse actions, including the demotion of Plaintiff, violated the ADEA because it was based on Plaintiff's age.

37. Defendant's decision to discharge Plaintiff was also retaliatory because Plaintiff had previously engaged in protected conduct against Defendant.

38. Any non-discriminatory and/or nonretaliatory reasons offered by Defendant for their aforesaid actions are false and constitute a pretext.

39. Defendant's aforesaid discriminatory and retaliatory actions against Plaintiff were willful and constitute age discrimination and retaliation in violation of the ADEA.

40. As a result of Defendant's aforesaid conduct, Plaintiff has suffered lost wages and

benefits.

41. Plaintiff seeks all damages allowable under ADEA, including back pay, front pay, liquidated damages, counsel fees and costs of suit.

## COUNT III - State Law Claims

42. Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though same were fully set forth at length herein.

43. The conduct of Defendant as alleged in the foregoing claims for relief constitutes discrimination and retaliation in violation of the Pennsylvania Human Relations Act and other State and Local laws and ordinances.

44. Defendant has at all times material to the foregoing claims acted willfully and with malice toward Plaintiff. Defendant knew, or reasonably should have known, that the aforementioned conduct was a violation of its handbook, policies and work rules and the laws of Pennsylvania and the United States. Defendant took no action to cease its wrongful conduct, and, in fact, committed further acts designed to cover the patent discrimination against Plaintiff because of his race, color, age and religion and because he had engaged in protected activity on multiple occasions.

## JURY DEMAND

Plaintiff demands a trial before twelve jurors.

**WHEREFORE,** Plaintiff, Richard Verrecchio, demands judgment in his favor and against Defendant and seeks relief as follows:

A) Awarding compensatory damages;

7

B)     Awarding interest calculated at the prevailing rate;

C)     Awarding equivalent pay, back pay, front pay, liquidated damages, loss of fringe

benefits and all other relief allowed under the law;

D)     Awarding reasonable attorney's fees, expert witness fees and other costs of the

action; and

E)     Granting such other relief as the Court deems just and appropriate.

WILLIAM J. FOX, ESQUIRE
Law Offices of William J. Fox, P.C.
100 N. 20th Street, Suite 303
Philadelphia, PA 19103
(215) 546-2477
Attorney for Plaintiff

Date: May 28, 2025

8